UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 15-20601
                                 HON. DENISE PAGE HOOD

v.

EUGENE CEPHUS SMITH and
SHAWN SMITH,

        Defendants.
                                          /

**ORDER REGARDING DOCKET NO. 54**

This matter comes before the Court on the Government's Motion to Admit Testimony, initially raised on the record at trial on June 7, 2016 and filed on June 8, 2016 [**Docket No. 54**]. The Court heard argument on the Motion at trial on June 9, 2016.

**I.    Background**

Both Defendants are charged in a Superseding Indictment with: (1) Count One: Conspiracy to Commit Bank Robbery; (2) Count Two: Bank Robbery; (3) Count Three: Attempted Bank Robbery and Aiding and Abetting Attempted Bank Robbery; and (4) Count Four: Attempted Bank Robbery and Aiding and Abetting Attempted Bank Robbery. Defendant Eugene Cephus Smith is also charged with Count Five: Bank Robbery. One bank robbery Defendants are alleged to have committed is

described in the Indictment as follows:

> September 24, 2014: A black male wearing white baseball hat entered Flagstar Bank at 1131 W. Warren, Detroit, MI. The suspect gave the teller a note which read: "This is a robbery I have a gun." After receiving the money, the suspect took the notes and walked out of the bank.

## II.     Analysis

In this Motion, the Government seeks to introduce the testimony of two law enforcement officers who observed surveillance video related to the September 24, 2014 robbery. The surveillance video the two officers viewed is no longer available and was not admitted into evidence. The Government relies on Federal Rule of Evidence 1004 to have the officers' testimony admitted.

Federal Rule of Evidence 1002 provides that to prove the content of a writing, recording, or photograph, the original is required, but Federal Rule of Evidence 1004, permits the admission of secondary evidence, *e.g.,* witness testimony, as to the contents of a writing, photograph, or recording in certain circumstances. Such circumstances include when the originals have been lost or destroyed and not by the proponent acting in bad faith. *Id.* The party challenging the secondary evidence has the burden of showing that the evidence is inadmissible. *In re Sol Bergman Estate Jewelers, Inc.*, No. 98-4405, 2000 WL 263338, at *4 (6th Cir. Feb. 29, 2000) (citing *United States v. Ross*, 33 F.3d 1507, 1513 (11th Cir. 1994), *cert. denied*, 515 U.S. 1132 (1995)). *See also United States v. Ledbetter*, No. 14-127, 2016 WL 1252982, at

\*6 (S.D. Ohio Mar. 31, 2016) ("Secondary evidence admitted under Rule 1004 can be in any form, including by oral evidence of the contents of the record").

For the reasons stated on the record at trial on June 9, 2016, including that the original video has been lost or destroyed without any act of bad faith attributable to the Government, the Court grants the admission of the officers' testimony regarding what they saw on the surveillance video on September 24, 2016.

## III. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that the Government's Motion to Admit Testimony [**Docket No. 54**] is **GRANTED**.

IT IS ORDERED.

 S/Denise Page Hood
 Denise Page Hood
 Chief Judge, United States District Court

Dated: November 27, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2017, by electronic and/or ordinary mail.

 S/LaShawn R. Saulsberry
 Case Manager